**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:22cv23472

| | |
|---|---|
| AND AGENCY, LLC,<br>a Florida Limited Liability Company, | COMPLAINT<br>**Demand for Jury Trial** |
| *Plaintiff*,<br>v. | |
| INTEGRATED VIRAL PROTECTION<br>SOLUTIONS, LLC, a Texas Limited Liability,<br>and MEDISTAR CORPORATION,<br>a Texas Corporation, | |
| *Defendants*.<br>_____/ | |

**COMPLAINT**

Plaintiff, AND AGENCY LLC, a Florida Limited Liability Company ("Plaintiff" or "AGENCY"), by and through their undersigned counsel, hereby sues the Defendants, INTEGRATED VIRAL PROTECTION SOLUTIONS, LLC, a Texas Limited Liability Company ("IVP"), and MEDISTAR CORPORATION, a Texas Corporation ("MEDISTAR") (collectively, "Defendants") for breach of contract and failure to pay monies owed in the amount of $152,193.62 ("the outstanding balance excluding of interest") plus interest accrued from March 2022 to the present, and in support thereof states as follows:

**INTRODUCTION**

Plaintiff brings this action pursuant to 28 U.S.C. § 1332, against Defendants, IVP and MEDISTAR for Breach of Contract, Account Stated, Open Account, and Unjust Enrichment. Defendants, IVP and MEDISTAR are both Texas entities who entered into a valid contract on or about February 2021 with Plaintiff, AGENCY who is a Florida Limited Liability Company. The agreement for marketing services was entered into in the state of Florida. The marketing services, such as creating a website for Defendants, running email campaigns, designing logos, providing

support for social media accounts, driving views to Defendants' social media accounts, driving business for Defendants, pushing product sales, coordinating events, and other capacities were performed and completed by Plaintiff. Defendants reaped tremendous benefits from Plaintiff's contracted work. Defendants breached their contract when invoices were left unpaid by Defendants for the contracted work. Plaintiff has suffered damages in result of Defendants breach.

## PARTIES

1. Plaintiff, AND AGENCY LLC ("AGENCY"), is a Florida Limited Liability Company with a principal address at 2045 Biscayne Boulevard, Suite 264, Miami, Florida 33137.

2. Defendant, IVP, is a Texas Limited Liability Company with a principal address at 7670 Woodway, Suite 165, Houston, Texas 77063.

3. Defendant, MEDISTAR, is a Texas Corporation with a principal address at 7670 Woodway, Suite 165, Houston, Texas 77063.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity), as the matter in controversy exceeds the sum of $75,000 and involves citizens of a State and citizens or subjects of a foreign state.

5. This Court has personal jurisdiction over IVP, pursuant to Fla. Stat. § 48.193(1)(a)(1), IVP has conducted and does conduct business within the State of Florida and within this District and caused injury to Plaintiff in Florida.

6. This Court has personal jurisdiction over MEDISTAR, pursuant to Fla. Stat. § 48.193(1)(a)(1), MEDISTAR has conducted and does conduct business within the State of Florida and within this District and caused injury to Plaintiff in Florida.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because part of the events or omissions giving rise to the claims occurred in the State of Florida and within the jurisdiction of the Southern District.

8. MEDISTAR and IVP are subject to personal jurisdiction in this District and conduct business in this District. Specifically, Defendants have caused injury to Plaintiff, a Florida company, arising out of a failure to pay monies in the state of Florida, and cause non-payment of a debt in the state of Florida.

## **GENERAL ALLEGATIONS**

9. On or around February 2021, the parties entered into a Master Service Agreement ("Agreement") where AGENCY would provide Marketing Services to Defendant. See Agreement attached hereto as **Exhibit "A."**

10. Pursuant to the Agreement, AGENCY created a website for IVP and MEDISTAR, AGENCY drove views to Defendants' social media sites, created email campaigns, managed their social media accounts, provided support for these marketing sites, designed brochures, storybooks, logos, and coordinated marketing events for Defendants, among other marketing services.

11. AGENCY would invoice IVP monthly for marketing services rendered to IVP.

12. AGENCY provided the services to IVP through March of 2022, referenced on the attached Invoices.

13. IVP failed to provide timely payment to AGENCY on the Invoices after AGENCY provided all services agreed upon in the attached contract.

14. AGENCY provided a grace period between June 2021 and September 2021 for IVP to make payments to Plaintiff, but IVP still did not make payments, and the amount left unpaid continued to accrue.

15. IVP is currently in Default under the Agreement and owes AGENCY $152,193.62 plus interest accrued from March 2022 to the present (the "Outstanding Amount"). A true and correct copy of Defendant's Statement of Account is attached hereto as **Exhibit "B."**

16. A true and correct copy of Defendant's Invoices dating from June 2021 through March 2022, is attached hereto as **Composite Exhibit "C."**

17. On or about September 2021, AGENCY agreed to a payment plan with IVP in which IVP agreed to pay a sum of $10,000 each week to pay off the unpaid invoices.

18. IVP paid AGENCY according to this payment plan from September 2021 until the end of March 2022.

19. In March 2022, IVP stopped making payments according to the payment plan and stated to AGENCY that it could no longer commit to any future payments.

20. As a result, AGENCY ceased all services to IVP in March of 2022.

21. As of present date, IVP owes AGENCY a total of $152,193.62 plus interest accrued from March 2022 to the present.

## ALTER EGO ALLEGATIONS

22. On information and belief, MEDISTAR controls and dominates its wholly owned subsidiary, IVP.

23. On information and belief, MEDISTAR, is the alter ego of IVP and IVP is the alter ego of MEDISTAR. There exists and has existed at all relevant times, a unity of interest and control between these defendants, such that any individuality and separateness between them has ceased. Consequently, MEDISTAR and IVP are responsible for all the injuries alleged herein.

24. On information and belief, IVP is, and at all relevant times was, so inadequately capitalized that, compared with its business, including its contractual obligations and risk of loss, its capitalization was trifling.

25. On information and belief, MEDISTAR, inclusive, made loans to IVP and guaranteed certain of their respective obligations, thereby enabling IVP to conduct business without adequate financing and without capital stock. As a result, the public in general, and AGENCY, were invited to deal with IVP to AGENCY's loss.

26. During the negotiations leading to the execution of the Agreement, IVP indicated to AGENCY that IVP is a wholly owned subsidiary of MEDISTAR.

27. On information and belief, MEDISTAR, inclusive, used IVP as a mere shell and instrumentality, or conduit to control IVP and thus the Agreement.

28. On information and belief, IVP and MEDISTAR shared corporate officers.

29. Adherence to the fiction that MEDISTAR and IVP are separate entities would permit abuse of corporate privilege and promote injustice. MEDISTAR and its wholly owned subsidiary, IVP, procured valuable marketing services and contract rights from AGENCY. MEDISTAR procured and accepted these services and rights with the knowledge that IVP did not have the resources to pay for them. Given IVP's gross undercapitalization, IVP's infirmities, and MEDISTAR's conduct, permitting MEDISTAR to hide behind the corporate privilege and avoid IVP's debts would be a gross injustice.

## COUNT I
## BREACH OF CONTRACT FOR MARKETING SERVICES AGAINST IVP

30. AGENCY realleges and reaffirms the factual allegations contained in paragraphs 1-29 as if fully set forth herein.

31. AGENCY sues Defendant, IVP, for breach of written contract seeking damages exceeding $75,000, exclusive of interest, court costs, and attorneys' fees, and alleges:

32. This is a claim for money damages in the amount of $152,193.62, plus interest accrued from March 2022 to the present, court costs, and attorneys' fees.

33. IVP entered into a valid and binding written Agreement for Marketing Services with Plaintiff. See **Exhibit "A."**

34. Accordingly, AGENCY provided and completed the services it was contracted to preform for Defendant.

35. Nevertheless, IVP breached the Agreement with AGENCY when IVP stopped making payments to AGENCY in accordance with the payment plan that the parties had agreed to.

36. IVP is indebted to AGENCY for services rendered under the Agreement, in the amount of $152,193.62 plus interest accrued from March 2022 to the present.

**WHEREFORE**, AGENCY respectfully requests that this Honorable Court enter a judgment against IVP for Defendant's breach of contract and award AGENCY $152,193.62 plus interest accrued from March 2022 to the present as damages, plus attorneys' fees and cost.

## COUNT II
## ACCOUNT STATED AGAINST IVP

37. AGENCY repeats and realleges the factual allegations contained in paragraphs 1-36 as if fully set forth herein.

38. AGENCY rendered statements of the balances owed for the services to Defendant. Copies of the Invoices are attached hereto as **Composite Exhibit "C."**

39. As of present date, IVP has not paid AGENCY the full amount agreed upon for the services provided and owes AGENCY a total amount of $152,193.62 due with interest on the Invoices.

**WHEREFORE**, AGENCY demands judgment against IVP for damages, pre-judgment interest, court costs, and such further relief as the Court may deem proper.

### COUNT III
### OPEN ACCOUNT AGAINST IVP

40. AGENCY repeats and realleges the factual allegations contained in paragraphs 1-39 as if fully set forth herein.

41. As of present date, IVP has an unsettled debt owed on the services provided to IVP by AGENCY in the total amount of $152,193.62 plus interest accrued from March 2022 to the present.

42. An itemized copy of Defendant's account is attached hereto as **Exhibit "B"** and incorporated herein.

**WHEREFORE**, AGENCY respectfully requests that this Honorable Court enter a judgment against IVP for damages, pre-judgment interest, court costs, and such further relief as the Court may deem proper.

### COUNT IV
### UNJUST ENRICHMENT AGAINST IVP

43. AGENCY repeats and realleges the factual allegations contained in paragraphs 1-42 as if fully set forth herein.

44. AGENCY pleads unjust enrichment in the alternative that this Court does not find a breach of contract.

45. AGENCY conferred a benefit of $152,193.62 worth in Marketing Services to the Defendant, who had knowledge thereof.

46. The IVP voluntarily accepted and retained the benefit conferred by having their product marketed by Plaintiff.

47. The IVP is now in possession of this benefit, namely $152,193.62 worth of marketing services performed by Plaintiff.

48. The circumstances are such that it would be inequitable to allow IVP to retain the benefit without paying AGENCY the reasonable value thereof.

49. AGENCY has been damaged by IVP's non-payment.

**WHEREFORE**, AGENCY respectfully requests that this Court assess damages against IVP for unjust enrichment and respectfully demands judgment against the Defendant for damages, plus interest, costs, and any such further relief as this Court deems proper and just.

## COUNT V
## BREACH OF CONTRACT FOR MARKETING SERVICES AGAINST MEDISTAR

50. AGENCY realleges and reaffirms the factual allegations contained in paragraphs 1-49 as if fully set forth herein.

51. AGENCY sues Defendant, MEDISTAR, for breach of written contract seeking damages in excess of $75,000, exclusive of interest, court costs, and attorneys' fees, and alleges:

52. This is a claim for money damages for the amount of $152,193.62, plus interest accrued from March 2022 to the present, court costs, and attorneys' fees.

53. MEDISTAR by and through IVP entered into a valid written Agreement for Marketing Services with Plaintiff. See **Exhibit "A."**

54. Accordingly, AGENCY provided the requested marketing services *supra* to Defendant.

55. Nevertheless, MEDISTAR breached the Agreement with AGENCY when IVP stopped making payments to AGENCY in accordance with the payment plan that the parties had agreed pursuant to the contract.

56. Said contract is binding on MEDISTAR, as IVP was at all times the agent and/or alter ego of MEDISTAR and/or because the contract was entered into for MEDISTAR's benefit.

**WHEREFORE**, AGENCY respectfully requests that this Honorable Court enter a judgment against MEDISTAR for Defendant's breach of contract, and award AGENCY damages, fees, and costs.

## COUNT VI
## UNJUST ENRICHMENT AGAINST MEDISTAR

57. AGENCY repeats and realleges the factual allegations contained in paragraphs 1-56 as if fully set forth herein.

58. AGENCY pleads unjust enrichment in the alternative that this Court does not find a breach of contract.

59. AGENCY has conferred a benefit on MEDISTAR; to wit, AGENCY has provided marketing services to IVP via its agent and/or alter ego, MEDISTAR.

60. AGENCY conferred a benefit of $152,193.62 worth of Marketing Services to IVP, an alter ego and a wholly owned subsidiary of MEDISTAR.

61. MEDISTAR voluntarily accepted and retained the benefit conferred by having its product marketed by Plaintiff.

62. MEDISTAR is now in possession of this benefit, namely $152,193.62 worth of marketing services performed by Plaintiff.

63. The circumstances are such that it would be inequitable to allow MEDISTAR to retain the benefit without paying AGENCY the reasonable value thereof.

64. AGENCY has been damaged by MEDISTAR's non-payment.

**WHEREFORE**, AGENCY respectfully requests that this Court assess damages against MEDISTAR for unjust enrichment and respectfully demands judgment against the Defendant for damages, plus interest, costs, and any such further relief as this Court deems proper and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AND AGENCY LLC demands prays that judgment be entered against Defendants in its favor as follows:

A.  <u>Count I,</u> judgment against IVP for Defendant's breach of contract and award AGENCY $152,193.62 as damages, plus fees and costs;

B.  <u>Count II,</u> judgment against IVP for damages, pre-judgment interest, court costs;

C.  <u>Count III,</u> judgment against IVP for damages, pre-judgment interest, court costs;

D.  <u>Count IV,</u> damages against IVP for unjust enrichment and judgment against the Defendant for damages, plus interest, costs;

E.  <u>Count V,</u> judgment against MEDISTAR for Defendant's breach of contract, and award AGENCY damages, fees, and costs;

F.  <u>Count VI,</u> damages against MEDISTAR for unjust enrichment and judgment against the Defendant for damages, plus interest, costs;

G.  And for such further relief as this Honorable Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all counts so triable.

Dated: October 24, 2022.

> Respectfully submitted,
>
> **TREMBLY LAW FIRM**
> *Attorneys for Plaintiff*
> 9700 South Dixie Highway, PH 1100
> Miami, Florida 33156
> Telephone: (305) 431-5678
> E-Mail: hubert@tremblylaw.com
> E-Mail: service@tremblylaw.com
> By: ***/s/ Hubert G. Menendez***
>      Hubert G. Menendez, Esq.
>      Florida Bar No. 1017910